# IN THE UNITED STATES DISTRICT COURT
# FOR THE NOTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DONNA HAWKS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | CIVIL COMPLAINT |
| NCO FINANCIAL SYSTEMS, INC., | ) | (Unlawful Debt Collection |
| | ) | Practices) |
| Defendant. | ) | |

DONNA HAWKS ("Plaintiff"), by her attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of Ohio establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Newbury, Geauga County, Ohio.

6. Plaintiff is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7. Defendant is a business entity with its principal office located in Horsham, Pennsylvania.

8. Pursuant to the definitions outlined in 15 U.S.C. 1692a(1-6), Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

11. In or around 2014, Plaintiff started receiving telephone calls from Defendant ("collection calls") on her cellular telephone, telephone number (614) 707-67xx, attempting to collect an alleged debt.

12. Upon information and belief, the alleged debt arises from transactions for personal, household, and/or family purposes.

13. Defendant has been assigned multiple telephone numbers from its telephone service provider which are used to place collection calls including, but not limited to, 972-217-8331, 804-952-9946, 951-289-4371, 313-444-2971, 301-223-0072, 612-888-0919, and 410-881-5532.

14. Based upon the timing and frequency of Defendant's calls and per its prior business practices, all of the collection calls were placed using an automatic telephone dialing

system or equipment capable of storing and producing telephone numbers at random or sequential periods to be dialed ("auto dialer").

15. On or around January 6, 2015 at approximately 11:30 a.m., Plaintiff spoke with Defendant's female representative calling from phone number 804-952-9946.

16. In the course of the collection call on January 6, 2016, Plaintiff requested that Defendant cease placing calls to her cellular telephone.

17. On or around January 26, 2015 at approximately 9:09 a.m., Plaintiff spoke with Defendant's male representative calling from phone number 804-952-9946.

18. In the course of the collection call on January 26, 2016, Plaintiff again requested that Defendant cease placing calls to her cellular telephone.

19. Plaintiff revoked any consent, express, implied, or otherwise, to receive automated calls from Defendant to her cellular telephone in the course of the telephone conversations on or around January 6, 2015 and January 26, 2015.

20. Despite Plaintiff's repeated requests to cease, Defendant continued to place at least one hundred and two (102) collection calls to Plaintiff in an approximate six-week period, including up to six (6) calls in a single day.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt; and

   b. Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy,

abuse, and/or harass Plaintiff.

WHEREFORE, Plaintiff, DONNA HAWKS, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC. for the following:

22. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

24. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEHPONE CONSUMER PROTECTION ACT

25. Defendant's actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

26. Defendant's actions alleged supra constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DONNA HAWKS, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC. for the following:

27. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

28. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

29. All court costs, witness fees and other fees incurred; and

30. Any other relief that this Honorable Court deems appropriate.

                                            RESPECTFULLY SUBMITTED,

                                            /s/ David Tannehill
                                            David Tannehill
                                            Ohio Registration No. 0083968
                                            Krohn & Moss, Ltd.
                                            8043 Corporate Circle, Suite 3
                                            North Royalton, Ohio 44133
                                            phone: (216) 901-0609 x 203
                                            fax: (866) 425-3459
                                            dtannehill@consumerlawcenter.com

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF OHIO

Plaintiff, DONNA HAWKS, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DONNA HAWKS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: _April 9, 2015_

_Donna Hawks_
DONNA HAWKS